**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Leonard Logan | ) | |
| (#R-11048), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 6874 |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| | ) | |
| Bruce Rauner, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [8] is granted. The court orders the trust fund officer at plaintiff's place of incarceration to deduct $9.71 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The court directs the Clerk of Court to send a copy of this order to the trust fund officer at the facility where plaintiff is confined. Summonses, however, shall not issue. Plaintiff's complaint [1] is dismissed without prejudice. If plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that complies with this order. Failure to submit an amended complaint by January 25, 2019, will result in summary dismissal of this lawsuit. The Clerk of Court is directed to send plaintiff an amended complaint form, a blank USM-285 form, and instructions along with a copy of this order.

## STATEMENT

Plaintiff Leonard Logan, a prisoner currently confined at Lawrence Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against twenty-one defendants (individuals and entities) in connection with certain events that occurred while plaintiff was confined at Dixon Correctional Center. Before the court are plaintiff's application for leave to proceed *in forma pauperis* and complaint for initial review.

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the court orders: (1) plaintiff to immediately pay (and the facility having custody of him to automatically remit) $9.71 to the Clerk of Court for payment of the initial partial filing fee and (2) plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty

1

percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

The complaint on file cannot proceed as drafted.

First, the complaint runs afoul of Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. at 555; *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Plaintiff's complaint, which consists of thirty-nine handwritten pages is neither "short" nor "plain." Further, it jumps around between defendants and particular events that occurred as far back as 2014 (while he was incarcerated at Dixon Correctional Center). Plaintiff's complaint, as drafted, simply provides too many details. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003) (a

2

complaint that is too jam-packed with details makes it too difficult to comprehend and too difficult to answer). If plaintiff wishes to proceed with this lawsuit, he must submit an amended complaint that streamlines his allegations, clarifies his claim(s), and provides only the information that is relevant to each claim(s) he is attempting to raise.

Second, and relatedly, depending on the type of claim(s) plaintiff is attempting to raise in this lawsuit, misjoinder may be an issue. As noted above, plaintiff has set forth a lengthy narrative (dating back to 2014) about certain events that occurred while he was confined at Dixon Correctional Center. Plaintiff identifies twenty-one defendants (individuals and entities) and ten separate claims associated with these allegations. Plaintiff may not bring unrelated claims against unrelated defendants in a single complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). ANY AMENDED COMPLAINT MUST BE LIMITED TO RELATED CLAIMS AGAINST PROPERLY JOINED DEFENDANTS. Any remaining claim(s) must be brought in a separate lawsuit, accompanied by a separate application to proceed *in forma pauperis*.

Plaintiff should also keep in mind that he must identify proper defendants to any claim he brings in an amended complaint. To be held liable under section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). There is no *respondeat superior* liability under section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Supervisors can only be held responsible for the constitutional violations of their subordinates if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Thus, if plaintiff chooses to submit an amended complaint, he should focus on naming only those individuals allegedly responsible for the complained-of conduct, list them in the caption of any amended complaint, and briefly/concisely explain in the "Statement of Claim" what each individual did to allegedly violate plaintiff's rights.

Accordingly, the court dismisses plaintiff's complaint [1] without prejudice. If plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that complies with this order. Any amended complaint must be submitted on the court's required form. *See* Local Rule 81.1. Any amended complaint also must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any documents plaintiff wants the court to consider in its threshold review of the amended complaint also must be attached. Plaintiff is advised to keep a copy for his files.

The Clerk of Court will provide plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.  Failure to submit an amended complaint by the date set forth above will result in summary dismissal of this lawsuit.

Date: 12/27/2018                                ENTER:


_____
                                  United States District Court Judge


                              Docketing to Mail Notices. (LC)

4