IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| LEANARD LOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 CV 6874 |
| | ) | |
| v. | ) | Honorable Iain D. Johnston |
| | ) | |
| JOHN VARGA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
THIRD AMENDED PURSUANT TO RULE 12(b)(6)**

Defendants, Renee Blanton, Colin Brinkmeier, Donald Enloe, Taylor Gee, Robert Groharing, James Martens, Arthur Manzano, Dan Newman, Michael Remmers, Merle Sage, John Varga, Deborah Whitley, John Reynolds and Raphael Chavez, by and through their attorney, Kwame Raoul, Attorney General for Illinois, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits the following Motion to Dismiss and Incorporated Memorandum of Law in support thereof:

**INTRODUCTION**

Plaintiff, Leonard Logan, an inmate currently incarcerated at Lawrence Correctional Center (hereinafter referred to as "Lawrence") brings a nine-count Third Amended Complaint under 42 U.S.C. § 1983, seeking damages against Defendants, for their alleged deliberate indifference to Plaintiff's constitutional rights at Dixon Correctional Center (hereinafter referred to as "Dixon." (*See* Dkt. # 51, Plaintiff's Third Amended Complaint, hereafter "Complaint" at ¶¶ 30, 31).

Defendants, Renee Blanton, Colin Brinkmeier, Donald Enloe, Taylor Gee, Robert Groharing, James Martens, Arthur Manzano, Dan Newman, Michael Remmers, Merle Sage, John

Varga, Deborah Whitley, and Raphael Chavez move to dismiss Plaintiff's Complaint because Plaintiffs has failed to: (1) timely file their Complaint; (2) alleged a constitutional deprivation; (3) demonstrate Defendants Enloe and Varga were personally involved in any alleged constitutional deprivations.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to either Rule 12(b)(1) or 12(b)(6) is to test the sufficiency of the complaint. *Van Dyke v. Ill. Dept. of Children and Family Services*, 2014 WL 2134580, *3 (N.D. Ill. May 22, 2014) (citing *Christensen v. of Boone County*, 483 F.3d 454, 457 (7th Cir. 2007); *Gibson v. Chicago*, 910 F.2d 1510 (7th Cir. 1990)). Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which the federal court lacks the "statutory or constitutional power to adjudicate the case." *United States v. Lawrence*, 535 F.3d 631, 636 (7th Cir. 2008).

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the non-moving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp.*, 550 U.S. at 570).

**ARGUMENT**

**I.    Plaintiff's Complaint should be dismissed as untimely filed.**

The statute of limitations for § 1983 claims in Illinois is two years. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). As a result, plaintiffs have two years from the date that their cause of action accrues, which occurs when they know or should have known that their constitutional rights have been allegedly violated. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1991). Plaintiff's claims accrued at the time of each alleged retaliatory conduct, use of excessive force, destruction of property and failure to protect complained of.

Failure to file within the limitations period is an affirmative defense. FED. R. CIV. P. 8(c). Although typically "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss," (*United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citation omitted), dismissal is appropriate when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, *such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations*." *Id*. at 842 (citing *Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999) (emphasis added)). "When the plaintiff effectively pleads himself out of court by alleging facts sufficient to establish a statute of limitations defense, dismissal is appropriate." *Reyes v. City of Chicago,* 585 F.Supp.2d 1010, 1014-15 (N.D. Ill. Oct. 28, 2008) (citing *Zitzka v. Village of Westmont*, No. 07 C 949, 2007 WL 3334336, *2 (N.D. Ill. 2007); *Hollander v. Brown*, 457 F.3d 688, 691, n. 1 (7th Cir. 2006)).

Plaintiff failed to timely file this lawsuit within the two year statute of limitation period. Plaintiff's allegations arise from Defendant's deliberate indifference to his conditions of confinement at Stateville from a period of time between 2014 and 2017. Plaintiff's Complaint alleges the following nine instances in which Defendants violated his constitutional rights:

3

1. December 15, 2014, Dining Hall Incident

2. May 23, 2015, False Disciplinary Ticket

3. May 24, 2015, Attack by Defendant Brinkmeier

4. Destruction of Property (date not specified)

5. September 9, 2015, Emergency Grievance

6. July 8, 2016, Legal Box Shakedown

7. September 7, 2017, Retaliatory Transfer

8. September 25, 2017, False Disciplinary Report

9. December 11, 2017, Plaintiff's Letter to the Governor Rauner

Compl. at ¶¶ 19-52.

In this case, Plaintiff did not file his Third Amended Complaint until October 18, 2019, or more than two years after the complained-of conduct occurred. (Dkt. 57). More importantly, Defendants were not properly served until May 28, 2019, June 6, 2019, June 9, 2019 and October 29, 2019; again well past the two year statute of limitation period. (Dkt. 29-36, 60). Defendants aver that, at a minimum, Plaintiff's allegations regarding his excessive force, retaliation, false disciplinary reports/due process and destruction of property at Dixon from 2014-2016 are not actionable, as they are untimely. As such, Plaintiff's allegations against Defendants Renee Blanton, Donald Enloe, Taylor Gee, Robert Groharing, James Martens, Dan Newman, Michael Remmers, Merle Sage, Deborah Whitley, John Reynolds and Raphael Chavez should be dismissed. Therefore, the only remaining claims not subject to the statute of limitations defense deals with: (1) September 7, 2017, Retaliatory Transfer; (2) September 25, 2017, False Disciplinary Report and (3) December 11, 2017, Plaintiff's Letter to the Governor Rauner.

**II.     Plaintiff alleged transfer on September 7, 2017 fails to state a constitutional violation.**

In order to state a First Amendment retaliation claim in a prison context, Plaintiff must show all three of the following elements: (1) that he or she engaged in constitutionally-protected conduct; (2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridget v. Gilbert,* 557 F.3d 541, 546 (7th Cir. 2009). A retaliation claim requires an action that would likely deter First Amendment activity in the future, which necessarily means that not every adverse action gives rise to a claim of retaliation. *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("There is .., a de minimis level of imposition with which the Constitution is not concerned."); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982) ("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise."); *Verser v. Smith*, 2017 WL 528381, *8 (N.D. Ill. Feb. 2017).

Plaintiff fails to allege any facts establishing his transfer on September 7, 2017 deterred his ability to appeal his grievances. Furthermore, to qualify as something that would deter an ordinary individual from exercising his constitutional rights, the action must cause some injury. *Verser at* *8. Here, Plaintiff alleges that Defendant Brinkmeier caused Plaintiff to be transferred to another housing unit to make it more difficult to appeal his grievance. Compl. at ¶48. Plaintiff has failed to put forth any facts that establishes a transfer to another housing unit deterred his ability to appeal his grievances. Rather Plaintiff's transfer is at most a de minimis level of imposition and not actionable as a constitutional claim. Therefore, Plaintiff's allegations regarding his transfer on September 7, 2017, against Defendant Brinkmeier should be dismissed.

**III.     Plaintiff has failed to state a constitutional claim against Warden Varga and former Warden Enloe**

Liability under Section 1983 requires a defendant's direct, personal involvement. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). A "plaintiff claiming a violation of Section 1983 must produce evidence that the defendant "caused or participated in [the] constitutional deprivation." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citing, *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). In other words, "[t]here must be a causal connection or affirmative link between the action complained about and the official sued." *Arnett v. Webster*, 658 F.3d 742, 759 (7th Cir. 2011). Failure to take corrective action cannot, in and of itself, violate Section 1983, otherwise the actions of a subordinate could be attributed to the government. *Soderbeck v. Burnett County, Wis.,* 752 F.2d 285, 293 (7th Cir. 1985).

Plaintiff alleges that Defendants are liable for Plaintiff's injuries based on *respondeat superior*, but this theory is insufficient to allege personal involvement under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Supervisors can only be held responsible for the constitutional violations of their subordinates if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003).

Plaintiff further alleges that Defendant Enloe refused to consider his September 9, 2015 emergency grievance. As stated above, Plaintiff's allegations regarding a September 9, 2015 incident is not actionable, as it is untimely. Even if this court were to infer Plaintiff's September 9, 2015 emergency grievance was within the two year statute of limitations, Plaintiff's claim still fails. Defendant Enloe and Varga's personal involvement in Plaintiff's constitutional rights cannot be plausibly inferred merely due to their alleged role in the grievance process, or based on their supervisory role as the Wardens of Stateville. *See Duncan v. Duckworth,* 644 F.2d 653, 655, 656

(7th Cir. 1981) (dismissing deliberate indifference claim against the warden because, by virtue of his position, it is doubtful he "would be directly involved in the day-to-day operation of the prison hospital such that he would have personally participated in, or have knowledge of, the kinds of decisions that led to the delay in treatment."); *See also Schlueter v. Barnhart*, 2017 WL 319153, \*4 (N.D. Ill. Jan. 23, 2017) (prison official cannot be held liable unless "he was aware of the unconstitutional conduct of others and helped to facilitate it, approve it, condone it, or that he turned a blind eye towards that conduct.") (citing *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003)).

To the extent Plaintiff claims that Enloe or Varga as wardens reviewed Plaintiff's complaints, courts have found this to be insufficient to maintain a cause of action under Section 1983. In *Gevas,* the plaintiff alleged that several defendants were liable for his failure to receive treatment for his abscessed tooth. *Gevas v. Mitchell*, 2012 WL 3554085, at \*1 (7th Cir. Aug. 20, 2012). At the trial level, the warden was dismissed for plaintiff's failure to state a claim against him. *Id*. The appellate court found that the warden was properly dismissed from the complaint because the plaintiff could not articulate any allegations against the warden besides his role in the grievance process. *Id*. at \*4–5. The same applies to this case. Plaintiff has not attached a copy of his alleged September 7, 2015 grievance to his complaint or otherwise identified that grievance in any way, nor has he alleged that Defendant Enloe or Varga reviewed and/or responded to said grievance. (Compl. at ¶ 45).

Finally, Plaintiff alleges that on December 11, 2017, Defendants Enloe and Varga responded to Plaintiff's letter directed to Governor Rauner and provided false and inaccurate information that prevented Plaintiff from seeking help to redress his complaints at Dixon. Based on Plaintiff's nine-count Complaint it is unclear what constitutional violation Plaintiff is theorizing

7

by a warden responding to a letter. The only count in which Plaintiff specifically identifies Defendants Enloe and Varga is Count 8, *Respondeat Superior*. As explained above, there is no *respondeat superior* liability under section 1983. *See Kinslow,* at 692 (7th Cir. 2008). Supervisors can only be held responsible for the constitutional violations of their subordinates if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt* at 1039 (7th Cir. 2003). As there are no allegations demonstrating that Enloe or Varga were directly or personally involved in the alleged constitutional violations, they are entitled to dismissal in this case.

## CONCLUSION

WHEREFORE, for the foregoing reasons Defendants Renee Blanton, Colin Brinkmeier, Donald Enloe, Taylor Gee, Robert Groharing, James Martens, Arthur Manzano, Dan Newman, Michael Remmers, Merle Sage, John Varga, Deborah Whitley, John Reynolds and Raphael Chavez respectfully request that this Honorable Court grant their motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for such further relief the Court finds reasonable and just.

Dated: November 27, 2019

                                              Respectfully Submitted,

KWAME RAOUL                       */s/ Andrew O'Donnell*
Attorney General of Illinois           ANDREW O'DONNELL
                                              Assistant Attorney General
                                              General Law Bureau
                                              Office of the Illinois Attorney General
                                              100 West Randolph Street, 13th Floor
                                              Chicago, Illinois 60601
                                              (312) 814-6135
                                              aodonnell@atg.state.il.us

                                              *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 27, 2019, he electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

>*/s/ Andrew O'Donnell*
>Andrew O'Donnell
>Assistant Attorney General